Filed 2/27/15  P. v. Wright CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAYLOR LLOYD WRIGHT,<br><br>        Defendant and Appellant. | A140164<br><br>(Mendocino County<br>Super. Ct. Nos.<br>SCUKCRCR-11-17102<br>SCUKCRCR-11-18416<br>SCUKCRCR-12-21781) |

**I.**

**INTRODUCTION**

Appellant Taylor Lloyd Wright claims the court abused its discretion in denying him probation and imposing a three-year prison term.  He claims the court gave "undue weight" to appellant's statements at the sentencing hearing.  We conclude the trial court did not abuse its discretion.

**II.**

**FACTS AND PROCEDURAL HISTORY**

Appellant has an extensive criminal history bearing on his request for probation. On April 22, 2011, the Mendocino County District Attorney filed a complaint (Case No. 11-17102) charging appellant with one count of transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) and one count of possession of marijuana for sale (Health & Saf. Code, § 11359).  On May 11, 2011, appellant failed to appear in court and a bench warrant issued.

1

On August 11, 2011, the Mendocino County District Attorney filed a complaint (Case No. 11-18416) charging appellant with possession of a controlled substance for sale (Health & Saf. Code, § 11351) and transportation of a controlled substance (Health & Saf. Code, § 11352, subd. (a)). The complaint alleged that at the time of the commission those offenses, appellant was released from custody on bail on his own recognizance in Case No. 11-17102.

On June 4, 2012, the Mendocino County District Attorney filed a complaint (Case No. 12-21781) charging appellant with one count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).

On June 26, 2012, appellant pleaded no contest to one count of transportation of marijuana in Case No. 11-17102, no contest to the lesser offense of possession of a controlled substance (Health & Saf. Code, § 11350) in Case No. 11-18416, and no contest to possession of a controlled substance in Case No. 12-21781. In accordance with his negotiated disposition, all remaining counts were dismissed and the court placed appellant on probation pursuant to Penal Code section 1210.1 (Proposition 36) in each case.

On September 17, 2012, the probation officer alleged that appellant violated probation in the above cases by failing to appear for a scheduled court hearing on July 27, 2012. A bench warrant was issued, and appellant was arrested on the warrant in El Dorado County on September 15, 2012. On September 18, 2012, appellant admitted to violating probation, and probation was reinstated.

On January 24, 2013, the probation officer filed a second petition to revoke probation on the grounds that appellant failed to appear for four scheduled appointments at the probation department; failed to provide a current address; was arrested for possession of a controlled substance, drug paraphernalia, and more than 28.5 grams of marijuana; failed to contact Alcohol and Other Drug Programs (AODP); and failed to complete any of his required community service hours. On January 25, 2013, the court summarily revoked probation.

On February 20, 2013, appellant pleaded no contest to a misdemeanor possession of a controlled substance in Case No. 13-71115. As a result, the trial court revoked and reinstated appellant's probation.

On April 16, 2013, the probation officer filed a third petition to revoke appellant's probation on the grounds that appellant failed to appear at several scheduled appointments with the probation department, and he failed to provide a current address.

On April 23, 2013, the trial court summarily revoked probation. On June 24, 2013, the probation officer filed an amended third petition to revoke probation, adding that appellant failed to appear for a court appearance on May 10, 2013. On July 16, 2013, the court sustained the violations for failing to appear at the scheduled appointments, but found insufficient proof that appellant failed to keep the probation department advised of his current address.

On July 30, 2013, the probation officer filed a fourth petition to revoke probation on the ground that appellant was arrested for petty theft (Pen. Code, § 484, subd. (a)), and for theft of retail merchandise (Pen. Code, § 490.5, subd. (a)). On July 31, 2013, trial court summarily revoked appellant's probation.

On August 26, 2013, at the conclusion of appellant's probation revocation hearing, the court found appellant had violated the terms of his probation, and terminated appellant's probation.

On September 27, 2013, the trial court denied appellant's request for reinstatement of probation, and sentenced him to the middle term of three years in prison in Case No. 11-17102, and to concurrent terms of two years in state prison in Case Nos. 11-18416 and 12-21781.

On October 30, 2013, appellant filed timely notices of appeal.

## III.

## DISCUSSION

When considering an appeal from a sentence, we presume that the trial court exercised its discretion to achieve legitimate sentencing objectives unless the party attacking the sentence clearly shows that the decision was irrational or arbitrary. (*People*

3

*v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)  In the absence of such a showing, we will not interfere with the sentence chosen by the trial court.  (See *People v. Preyer* (1985) 164 Cal.App.3d 568, 573 [" 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' "].)

It is well established that "probation is not a matter of right, but an act of grace or clemency, the granting or denial of which is within the court's discretion."  (*People v. Axtell* (1981) 118 Cal.App.3d 246, 256 (*Axtell*).)  In determining whether the defendant deserves such clemency, the court should consider all factors and circumstances surrounding the case, including the probation officer's report.  (*People v. Podesto* (1976) 62 Cal.App.3d 708, 723.)

Appellant's probation officer recommended he be sentenced to a four-year prison term.  Noting that appellant had 6 felony convictions, and 13 convictions overall, the probation officer explained:  "[Appellant] has a very poor history of compliance with probation terms and conditions.  He has not been accountable concerning his drug addiction, and continues to make excuses for his behavior.  [Appellant] has been given many chances to change his lifestyle and work toward becoming a productive member of society.  Unfortunately, he refuses to take advantage of the opportunities given him.  [¶] [Appellant] is an admitted marijuana cultivator, and has been convicted of felonies . . . .  He continues to pose a safety risk and shows no remorse for his actions.  Probation can find no reason to recommend leniency."

As chronicled in the lengthy probation report—detailing appellant's past behavior both in missing probation appointments and court appearances, committing numerous offenses while on probation, and making excuses rather than acknowledging any responsibility for his poor performance on probation—the trial court had ample reason to deny reinstatement of probation and impose a prison sentence.  Appellant does not claim otherwise.  However, he maintains the court did not deny probation on any of those legitimate factors.  Instead, he claims that the court was ready to reinstate his probation, but the court abruptly changed its mind because it was unduly influenced by "minimal and relatively innocuous statements" by appellant.  Appellant contends the trial court's

4

"abrupt withdrawal of its offer to reinstate appellant's probation" based on those comments "was an arbitrary and capricious abuse of discretion." He requests this case "be remanded to the sentencing court so that it can reconsider his request for reinstatement on formal probation."

We set out the pertinent colloquy between appellant and the court:

"THE COURT: So my question to you is, do you want to be on probation, or do you not want to be on probation? It makes no difference to me.

"[APPELLANT]: Sure. What is the time that you are recommending for probation?

"THE COURT: Three years.

"[APPELLANT]: No. Then jail. No—what time in custody.

"THE COURT: Probably give you a bullet [one year jail term]."

The probation officer pointed out that the local prison time could be split, with two years in custody and two on mandatory supervision. The trial court replied it would grant probation "if he wants to do it and if he's going to try. If he doesn't want to do it and he's not going to try, I am not going to set him up for failure by putting him on mandatory supervision. I am going to give him a straight sentence" of three years. The court gave defense counsel another opportunity to explain the situation to appellant.

Appellant then stated he wanted to be on probation. The following discussion then took place:

"[APPELLANT]: I will do probation.

"THE COURT: Okay. Was there terms and conditions prepared?

"[PROBATION OFFICER]: I do have them, your Honor.

"THE COURT: What's the People's position on any of this?

"[PROSECUTOR]: If he wants to be on probation and with a bullet [one year jail term], I will submit on that.

"[APPELLANT]: Is there any[ ]way I could get OR'd [released on his own recognizance] but come back or not OR'd but come back and do the rest of my sentence?

"THE COURT: No. Here is why, Mr. Wright, something has got to get through to you about the way life is going. And you have to understand that . . . you have to comply

5

with the law. If you are going to be on probation, your probation officer has to know where you live. You cannot play games with him about where you live.

"[APPELLANT]: Okay. I can't help it if the GPS doesn't work. I mean the house that I had is where I said. We have already been over this. I need to get the—

"THE COURT: We have been over this and, you know what, I think I am just going—I don't think Mr. Wright is able to comply with probation. . . .

[APPELLANT]: No, I want probation. I just don't understand why he couldn't find the house. It is the only house behind the lodge in Brooktrails. It is the first driveway on the right.

"THE COURT: How about missing all the appointments? I am not going to go over it with you again.

"[APPELLANT]: Missing appointments was because he couldn't find the house. I am sorry.

"[PROBATION OFFICER]: Your Honor, I think at this point I don't believe he can comply with probation.

"[APPELLANT]: I was in the hospital on the other violation.

"THE COURT: Okay. Based on [appellant's] statements . . . as well as the probably four times I have read each of these files, the hearing that we had, the report from probation in each of these matters, I think probation has done an excellent job of trying to work with Mr. Wright in a way that he could have succeeded in resolving his legal problems in a way that was not only favorable to him legally, but favorable to him in terms of his drug use and what I consider to be abuse, which is not only harmful to Mr. Wright but it's harmful to our community. And based on the statements of Mr. Wright today, I don't think [he is] capable of completing probation, so I am going to deny probation for all the reasons stated in each of the matters.

"[APPELLANT]: I was just telling you the facts."

Appellant focuses on the point in the foregoing exchange when the court indicated appellant had to stop playing games with the probation officer, and let the probation officer know where he lives. He claims this was an apparent reference to an allegation

formerly made in a petition to revoke probation claiming he had failed to provide his probation officer with a current address. This allegation was not sustained based on insufficiency of proof. Appellant claims he was simply trying "to remind the court that this alleged violation of his probation was never established" but instead his statements were improperly used to substantiate "the court's abrupt reversal of her decision to grant probation."

Even assuming, without conceding, that any of the court's remarks were erroneous, all judicial misstatements made during sentencing do not require a remand for resentencing. (*Axtell*, *supra*, 118 Cal.App.3d at p. 259.) "The test is whether after an examination of the entire case, including the evidence, the court is of the opinion that it is reasonably probable that a result more favorable to the defendant would have been reached in the absence of error. . . ." (*Ibid*., citing *People v. Watson* (1956) 46 Cal.2d 818.)

Regardless of any misimpression of the facts surrounding appellant's failure to keep his probation officer apprised of his whereabouts, under the circumstances of this case, it is not reasonably probable a different result would have been achieved if the discussion on this topic had never taken place. The record before the court unquestionably reveals appellant's inability to comply with the conditions of probation, including reporting to his probation officer, appearing for court appearances, or remaining arrest-free for any length of time. Throughout the probation report, appellant is variously described as "show[ing] no remorse for his actions," "refus[ing] to take advantage of the opportunities given him," and "continu[ing] to make excuses for his behavior."

Despite the probation officer's well-substantiated recommendation that appellant be sentenced to prison, the trial court was considering bestowing leniency and giving appellant another chance at probation. However, based on the totality of appellant's comments at the sentencing hearing, not just the comment about keeping the probation officer apprised of his whereabouts, we conclude that the court had ample factual support for its conclusion that appellant had no real intention of attempting to rehabilitate himself

and would be likely to reoffend if placed on probation. We are not in a position to second-guess this assessment, especially because the trial court was able to judge appellant's demeanor throughout this proceeding. Based on the entirety of this record, we hold that the trial court did not abuse its discretion in revoking appellant's probation and sentencing him to a three-year prison term.

## IV.

## DISPOSITION

The judgment is affirmed.


_____
RUVOLO, P. J.


We concur:


_____
REARDON, J.


_____
RIVERA, J.